[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10779
Non-Argument Calendar

_____

Agency No. A97-185-474

ALVARO JUSTO MOJICA-SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 9, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Alvaro Justo Mojica-Sanchez, a citizen and native of Colombia, with his

wife and three children as riders, petitions for review of the Board of Immigration Appeals's ("BIA") final order of removal affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), and the BIA's subsequent denial of a motion to reconsider.

BACKGROUND

Mojica-Sanchez asserted that while living with his family in Bogota, Columbia, he participated in Liberal Party activities by voluntarily working on a committee for a campaign defending of human rights. He began providing logistical support and conducting education talks in 1997. In early 1998, Mojica-Sanchez learned that the committee had been receiving written and telephonic threats. The campaign ended in mid-1998. However, in mid-1999, Mojica-Sanchez received a threat by phone, and fled the county. He returned home, found the situation unchanged, and decided to move his family to the United States.

Mojica-Sanchez entered the United States on November 25, 1999 on a non-immigrant visa. On June 17, 2003, he was served with a notice to appear for having overstayed his visa. His application for asylum was denied by the asylum officer hearing his case, and referred to an immigration judge ("IJ") for removal. The IJ determined that Mojica-Sanchez lacked the extraordinary or changed circumstances needed to consider his asylum application. The BIA affirmed, and

2

denied Mojica-Sanchez's motion for reconsideration.

## DISCUSSION

### I.

We lack jurisdiction to consider the merits of the underlying removal order, but can consider the denial of the motion for reconsideration. Mojica-Sanchez had 30 days after the September 29, 2006, entry of the BIA's order affirming the IJ's denial of asylum, withholding of removal, and CAT relief, to file his petition for review. *See* 8 U.S.C. § 1252(b)(1). Mojica-Sanchez filed a motion for reconsideration with the BIA, which was denied on January 26, 2007. He did not file his petition until February 22, 2007. The statutory time limit for filing a petition for review in an immigration case is mandatory, jurisdictional, and not suspended or tolled by the filing of a motion to reconsider. *Dakane v. U.S. Att'y. Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam). Because Mojica-Sanchez's petition is untimely as to the September 29, 2006 BIA decision, we do not have jurisdiction to review that decision. However, it is timely as to the BIA order denying the motion for reconsideration, and we have jurisdiction to review that decision.

### II.

Mojica-Sanchez argues that the BIA erred (1) by requiring him to prove to the IJ that he fell within the changed-circumstances exception to the time limit for

3

filing asylum applications, (2) by failing to review the IJ's determination that Mojica-Sanchez could relocate within Columbia, and (3) denying him CAT relief where the Columbian government has willfully accepted the Revolutionary Armed Forces of Columbia's ("FARC") acts of torture. We review the denial of a motion to reconsider for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). "We review the BIA's statutory interpretation *de novo*, but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress." *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (per curiam).

Mojica-Sanchez contends that, once he had proven to an asylum officer that he fell within the changed-circumstances exception to the normal one-year time limit for filing an asylum application, he was not required to re-prove it to the IJ. To establish asylum eligibility, an alien must show that he is a refugee because he has suffered past persecution or a well-founded fear of future persecution. 8 C.F.R. § 208.13(a)-(b). In addition, an asylum applicant has the burden of proving that his petition was timely or fell into the changed or extraordinary circumstances exceptions from 8 U.S.C. § 1158. 8 C.F.R. § 208.4(a)(2). An asylum determination may be made by either an asylum officer, who has initial jurisdiction over an asylum, or an IJ, upon referral from the asylum officer. *See* 8 C.F.R. § 208.2(a)-(b); 8 C.F.R. § 208.14(a)-©). Once referred to the IJ, the IJ obtains

4

exclusive jurisdiction over the asylum application. 8 C.F.R. § 208.2(b).

The BIA did not abuse its discretion in denying Mojica-Sanchez's motion to reconsider because neither the IJ nor the BIA was bound by the asylum officer's determination that Mojica-Sanchez has shown extraordinary or changed circumstances. In his removal proceedings before the IJ, Mojica-Sanchez had the burden of proving any ground on which he should receive relief from removal. 8 C.F.R. § 1240.8(d). In order to receive asylum, an alien must show both a timely application and persecution. 8 C.F.R. §§ 208.4(a)(2), 208.13(a)-(b). As such, Mojica-Sanchez had the burden of showing that he met all of these requirements. While the Federal Regulations includes exceptions to this general burden-of-proof rule, *see, e.g.,* 8 C.F.R. § 208.16(b)(1)(ii) (placing the burden of proof on the government to show that an alien could not reasonably relocate within his country of origin, once the alien has established past persecution), it contains no exception for an issue that may have been previously considered by an asylum officer. Mojica-Sanchez points to a code provision that gives the asylum officer the authority to make a timeliness determination, but the same subsection also provides the IJ and BIA with authority to make this determination, *see* 8 C.F.R. § 208.4(a)(1). Mojica-Sanchez presents no compelling argument for why the asylum officer's determination should be controlling, especially after removal proceedings have been initiated and the IJ has exclusive jurisdiction over the

asylum application, *see* 8 C.F.R. § 208.2(b).

Next, Mojica-Sanchez argues that the BIA abused its discretion by failing to review the IJ's determination that he could have relocated within Colombia. To obtain withholding of removal, an alien must show that it is more likely than not that he will be persecuted upon being returned to his country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam). Where an alien has shown past persecution, it is presumed that his life or freedom would be threatened if returned to his native country, but the government can rebut this presumption by showing that the alien could relocate to another part of his native country and that it would be reasonable for him to do so. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 C.F.R. § 208.16(b)(1)). Internal relocation is only an issue if an applicant for withholding of removal can otherwise show past persecution or a future threat to life or freedom. *See* 8 C.F.R. § 208.16(b). As Mojica-Sanchez failed to show either past persecution or a future threat, the BIA did not abuse its discretion when it declined to examine the moot issue of internal relocation.

Finally, Mojica-Sanchez argues that the Colombian government has willfully accepted FARC's acts of torture and that, as such, he is entitled to CAT relief. CAT provides relief for an alien who can show that it is more likely than not that he will be subjected to torture if removed. 8 C.F.R. § 208.16(c)(2).

6

However, Mojica-Sanchez's motion for reconsideration did not specify any errors of fact or law in the BIA's final order affirming the IJ's decision, but merely reiterated his prior arguments on this point. A motion for reconsideration should specify the reason for the motion by pointing to such errors. *See* INA § 240(c)(6)©); 8 U.S.C. § 1229a(c)(6)©); 8 C.F.R. § 1003.2(b)(1). Thus, the BIA did not abuse its discretion in denying the motion on this issue.

### III.

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, we DISMISS Mojica-Sanchez's petition as it pertains to the BIA's September 26, 2006, order, and DENY the remainder.

**PETITION DISMISSED IN PART, DENIED IN PART.**